UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JESSE CANTU,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN DOE 1, *et al.*,<br><br>   Defendants. | Case No. 1:20-cv-00386-JDP<br><br>SECOND SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 7<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ORDER THAT THE CLERK'S OFFICE ASSIGN THIS CASE TO A DISTRICT JUDGE |

Plaintiff Joshua Jesse Cantu is a former state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On April 9, 2020, the court screened plaintiff's original complaint and found that it had stated cognizable Eighth Amendment claims against some, but not all, defendants. ECF No. 5. The court gave plaintiff a choice between (1) proceeding only on the claims found cognizable and voluntarily dismissing all other defendants, (2) filing an amended complaint, and (3) standing by the original complaint, subject to dismissal of claims and defendants consistent with the court's screening order. On May 18, 2020, plaintiff filed an amended complaint. Plaintiff's amended complaint is an improvement

over the original: most notably, the original complaint was directed at exclusively unnamed Doe defendants, and plaintiff has now substituted many real names. However, the gravamen of plaintiff's allegations remains the same: he alleges that he was seriously beaten by a group of corrections officers and that other corrections employees and state officials failed to intervene or properly manage their subordinates. Because the complaint remains substantially unchanged in these important respects, we now recommend the dismissal of certain claims and defendants.

Specifically, we find that plaintiff has stated an Eighth Amendment excessive-force claim against corrections officers John Doe 1, P. Ward, B. Xiong, P. Dunn, and John Doe 2—but no other claims. Plaintiff has thus stated no claims against Corrections Officer John Doe 3, Correctional Sergeant D. Maciel, Warden K. Santoro, and Former Governor Gerald Brown.

**SCREENING AND PLEADING REQUIREMENTS**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

*Threshold § 1983 Pleading Requirements*

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). The defendants here are all current or former state employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

While plaintiff has satisfied the threshold causation requirement with respect to Corrections Officers John Doe 1, P. Ward, B. Xiong, P. Dunn, John Doe 2—the officers who allegedly attacked him—he has failed to satisfy the threshold requirements with respect to John Doe 3, Correctional Sergeant D. Maciel, Warden K. Santoro, and Former Governor Gerald Brown. Plaintiff does not adequately allege that these defendants personally participated in any constitutional deprivation or a sufficient causal connection. Instead, he alleges that Maciel "failed to properly train his employees" and thus "remedy [the] risk" that plaintiff faced. ECF No. 7 at 5. He likewise alleges that Santoro "failed to train his employees properly," "failed to protect the

safety of plaintiff," and failed to properly screen employees. *Id*. at 8. And he alleges that former Governor Brown failed to "maintain order and safety for the citizens," "failed to establish laws or rules pertaining to officer misconduct," and "failed to properly supervise" his subordinates in California government. *Id*. These vague claims present nothing more than classic *respondeat superior* allegations and are not enough to state a claim under 42 U.S.C. § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. . . . There is no *respondeat superior* liability under [§] 1983" (citations omitted).); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff's allegations against John Doe 3 present a closer case, but they are simply too vague and conclusory to state a claim.[1] Plaintiff alleges that John Doe 3 "was working in the tower" when the alleged violence happened but "did nothing to stop said incident from occurring." ECF No. 7 at 5. A prison official may be liable for failing to protect inmates when he knows "that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Here, however, the allegations are too general to suggest that such "deliberate indifference" actually occurred. *Cf. McMillian v. Delgado*, No. 1:19-CV-00444-SAB (PC), 2019 WL 1599443, at *3 (E.D. Cal. Apr. 15, 2019) ("Plaintiff's claim that Defendants knew of the riot is nothing more than a conclusory and speculative allegation.").

### *Substantive Constitutional Claims*

Plaintiff has stated a § 1983 claim for excessive force in violation of the Eighth Amendment against Corrections Officers John Doe 1, P. Ward, B. Xiong, P. Dunn, John Doe 2. Plaintiff alleges that these defendants attacked and beat him without justification—repeatedly punching him in the face and causing injury. *See* ECF No. 7 at 5-6. This is sufficient to state a claim. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) ("[W]henever prison officials stand

---

[1] Plaintiff does not actually list Doe 3 as a defendant, *see* ECF No. 7 at 3-4, but we will assume for the sake of analysis that this was merely an oversight.

accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

However, plaintiff has not sufficiently alleged a violation of any other constitutional right. While plaintiff appears to frame his allegations through both and the Eighth Amendment and the Fourteenth Amendment, he has not offered any facts that suggest a Fourteenth Amendment violation. *See* ECF No. 7 at 3, 5; *see also Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."); *Chappell v. Mandeville*, 706 F.3d 1052, 1062-63 (9th Cir. 2013) ("[L]awfully incarcerated persons retain only a narrow range of protected liberty interests," for the purposes of Fourteenth Amendment due process) (internal quotations omitted).

***State Law Theories of Liability***

Plaintiff also appears to frame his allegations as state law tort claims. But to "state a tort claim against a [public entity or] public employee, a plaintiff must allege compliance with the [California] Tort Claims Act." *Green v. Chakotos*, No. 1:11-CV-1611-LJO-DLB PC, 2014 WL 3563314, at *4 (E.D. Cal. July 18, 2014) (citing various California state cases). Because plaintiff has alleged no such compliance, his state-law claims are barred. *See Beagle v. Schwarzenegger*, 107 F. Supp. 3d 1056, 1072-73 (E.D. Cal. 2014).[2]

**FINDINGS AND RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a

---

[2] Should plaintiff wish to amend and allege such compliance, he may still do so after service. We note, however, that because plaintiff has no federal claims against defendants John Doe 3, Correctional Sergeant D. Maciel, Warden K. Santoro, and Former Governor Gerald Brown, amending any state law claims against those defendants would be futile; this court would still lack jurisdiction.

magistrate judge's jurisdiction in this case, so any dismissal of a claim requires an order from a district judge. *Id*. Thus, the undersigned submits the following findings and recommendations under 28 U.S.C. § 636(b)(l):

    1.  Plaintiff has stated cognizable Eighth Amendment excessive-force claims against corrections officers John Doe 1, P. Ward, B. Xiong, P. Dunn, and John Doe 2.

    2. Plaintiff has stated no claim against Corrections Officer John Doe 3, Correctional Sergeant D. Maciel, Warden K. Santoro, and Former Governor Gerald Brown—and those defendants should be dismissed without prejudice.

Within thirty (30) days of service of these findings and recommendations, plaintiff may file written objections with the court.  If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**ORDER**

The clerk of court is ordered to assign this case to a district judge to review the findings and recommendations above.

IT IS SO ORDERED.

Dated:   September 9, 2020                     _____
                                                            UNITED STATES MAGISTRATE JUDGE

No. 205.