UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JESSE CANTU,, <br><br>Plaintiff, <br><br>v. <br><br>JOHN DOE 1, et al., <br><br>Defendants. | No. 1:20-cv-00386-NONE-HBK (PC) <br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br><br>(Doc. No. 9) |

Plaintiff Joshua Jesse Cantu initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 following his release from the custody of the California Department of Corrections. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 9, 2020, the then-assigned magistrate judge issued findings and recommendations, noting that plaintiff had stated cognizable Eighth Amendment excessive us of force claims against corrections officers John Doe 1, P. Ward, B. Xiong, P. Dunn, and John Doe 2, but recommending the dismissal of plaintiff's claims brought against defendants John Doe 3, D. Maciel, K. Santoro, and Gerald Brown for failure to state a claim. (Doc. No. 9 at 6.)

Plaintiff was provided thirty days from the September 9, 2020 order to file any objections. To the findings and recommendations. (*Id.* at 1, 6.) Plaintiff timely filed objections on October

/////

1

7, 2020.  (Doc. No. 10.)  Below, the undersigned will address those objections to the extent they were unaddressed in the pending findings and recommendations.

Plaintiff's first objects to the findings and recommendations on the grounds that under typical civil- and criminal-law standards, recklessness is a sufficient basis upon which to find deliberate indifference.  (Doc. No. 10 at 4–6, 8.)  For the reasons explained below, the undersigned concludes that the pending findings and recommendations applied the correct standards for deliberate indifference in the constitutional context.

"Deliberate indifference occurs when '[an] official acted or failed to act despite his *knowledge* of a substantial risk of serious harm.' "  *Solis v. Cnty. of Los Angeles,* 514 F.3d 946, 957 (9th Cir. 2008) (emphasis added) (quoting *Farmer v. Brennan,* 511 U.S. 825, 841 (1994)).  This is "a stringent standard of fault, requiring proof that a [government] actor disregarded a known or obvious consequence of his action." *Connick v. Thompson,* 563 U.S. 51, 61 (2011) (citation omitted).  Here, the magistrate judge correctly noted in the pending findings and recommendations that plaintiff does not state a claim that John Doe 3 was deliberately indifferent to a substantial risk of serious harm to plaintiff.  (Doc. No. 9 at 4.)  Rather, in his complaint plaintiff alleges that John Doe 3 was in the tower when the incident occurred, but he does not allege that John Doe 3 knew of the incident or any other substantial risk of serious harm to plaintiff.  Because, as the then-assigned magistrate judge noted, plaintiff does not allege that John Doe 3 knew of the substantial risk, he has failed to state a claim for failure to protect against John Doe 3.  (*See* Doc. No. 9 at 4.)

Plaintiff's second objection to the findings and recommendations addresses the requirements for a defendant's entitlement to qualified immunity.  (Doc. No. 10 at 7.)  However, the assigned magistrate judge did not rely on qualified immunity in the findings and recommendations.  (*See* Doc. No. 9.)

Third, plaintiff objects to the findings and recommendations' treatment of supervisory liability on several grounds.  Plaintiff's argues that defendants D. Maciel and K. Santoro are liable as supervisors because they failed to train their subordinates.  (Doc. No. 10 at 8–9.)  However, it has been recognized that "culpability for a deprivation of rights is at its most tenuous

2

where a claim turns on a failure to train." *Connick,* 563 U.S. at 61. "[F]ailure to train . . . employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' " *Id.* (quoting *Canton v. Harris,* 489 U.S. 378, 388 (1989)). "[W]hen [governmental supervisors] are on actual or constructive notice that a particular omission in their training program causes [subordinates] to violate citizens' constitutional rights, [supervisors] may be deemed deliberately indifferent if the [supervisors] choose to retain the program." *Id.* "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* (internal quotations and citation omitted). Plaintiff's allegations might conceivably provide grounds for supervisorial liability in a typical civil case, but the constitutional standards are different. Plaintiff does not allege that here any named supervisor disregarded a known or obvious risk or had actual or constructive notice of any omissions in their training programs. Nor does plaintiff allege a pattern of similar constitutional violations by untrained employees. Thus, plaintiff has failed to state a cognizable supervisorial liability claim.

Plaintiff's remaining supervisory liability objections essentially are based upon his argument that various supervisors were negligent or breached a duty of care. (Doc. No. 10 at 10–11.) The previously assigned magistrate judge correctly noted that claims brought under § 1983 must meet a higher standard. (*See* Doc. No. 9 at 3–4 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), and *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))). Plaintiff also discusses municipal liability, but he does not assert any claim in his complaint against any municipality.

Plaintiff's fourth objection is that defendants' use of excessive force violated his rights under the Fourteenth Amendment. (Doc. No. 10 at 12.) However, claims by state prisoners for the alleged use of excessive force are analyzed under the Eighth, not Fourteenth, Amendment. *Whitley v. Albers,* 475 U.S. 312, 327 (1986) ("We think the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified."). The findings and recommendations correctly evaluated plaintiff's excessive use of force claims as ones

brought under the Eighth Amendment.  The findings and recommendations further correctly found that plaintiff did not allege any facts that would otherwise amount to a Fourteenth Amendment violation.  (*See* Doc. No. 9 at 5.)

Finally, plaintiff argues in his objections that he has complied with the Tort Claims Act and attaches documents he contends are proof thereof. (Doc. No. 10 at 12–13.)  However, the documents plaintiff has attached do not establish his compliance with the Tort Claims Act.  Rather, they show that plaintiff filed an inmate grievance and prepared a complaint to file in state court.  That does not indicate compliance with the Tort Claims Act.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court concludes the pending findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on September 9, 2020, (Doc. No. 9), are adopted in full;
2. This case shall proceed on plaintiff's claims for excessive use of force against defendants John Doe 1, P. Ward, B. Xiong, P. Dunn, and John Doe 2;
3. All other claims and defendants are dismissed; and
4. The case is referred to the assigned magistrate judge for further case management and proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **May 28, 2021**

UNITED STATES DISTRICT JUDGE

4