UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JESSE CANTU, | Case No. 1:20-cv-00386-JLT-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND APPOINTMENT OF COUNSEL |
| v. | |
| P. WARD, ET. AL., | (Doc. No. 36) |
| Defendants. | |

Pending before the Court is Plaintiff's motion for an emergency protective order and request for a lawyer. (Doc. No. 36). Plaintiff attached supporting exhibits consisting of personal medical and banking records.[1] (Doc. No. 37). Defendants filed a response opposing Plaintiff's motion. (Doc. No. 38).

Plaintiff's instant motion incorporates a letter to the Clerk, a notice from the Orange County Veterans Association entitled "OC for Vets" and "helping veterans get back on track," and medical records documenting Plaintiff's medical visit to a surgery center in November 2021. (*See generally Id.* at 2-8). Interspersed within the pleading, Plaintiff states he believes people are always following him and trying to hurt him. (Doc. No. 36 at 1). Plaintiff states he is unsure

---

[1] Plaintiff submits exhibits containing personal and sensitive information. Due to the sensitive information contained therein, the Court directs the Clerk to remove, and/or redact, and/or file under seal this document containing Plaintiff's personal information. (Doc. No. 37 at 7-13).

1 whether these people are associates of the defendants or not. (*Id.*). As a result, Plaintiff seeks a
2 protective order. (*Id.*). Plaintiff also in passing requests the appointment of an attorney but does
3 not further expound on why he believes he is entitled to appointed counsel. (*Id.* at 4). The
4 exhibits Plaintiff files in support show Plaintiff's medical visit on November 2, 2021, with the
5 reasons for the visit reported as paranoia, and one-page print of a bank record showing the
6 withdrawals exceeded the deposits for the one month. (*See* Doc. No. 37).

7       Defendants oppose Plaintiff's motion. Defendants first note that Plaintiff's motion does
8 not indicate who he believes is trying to hurt him. (Doc. No. 38 at 2). Nevertheless, Defendants
9 contend that Plaintiff no longer remains incarcerated, and it appears Plaintiff suffers with
10 paranoia based on the records he submitted. (*Id.*). Regarding appointment of counsel, Defendants
11 argue Plaintiff has not set forth any exceptional circumstances to warrant appointment of counsel,
12 and the bank records Plaintiff attaches show that he had significant deposits in the month of
13 November 2021 and had at that time sufficient funds to hire an attorney. (*Id.* at 2-3).

14       The Court denies Plaintiff's motion in full. Parties often seek protective orders in the
15 context of discovery. *See* Fed. R. Civ. P. 26(c). Protective orders often assist with production of
16 confidential information, or to intervene when another party is seeking discovery unrelated to the
17 cause at issue or otherwise privileged from production. Plaintiff is no longer incarcerated where
18 the Defendants are employed as correctional officials. It appears Plaintiff recognizes that he
19 suffers from paranoia and has sought medical treatment for this reason. (*See* Doc. Nos. 36, 37).
20 Plaintiff should discuss his concerns with his counselor.

21       Regarding appointment of counsel, as Defendants correctly note, only exceptional
22 circumstances warrant appointment of counsel in a civil case. The United States Constitution
23 does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354
24 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of
25 counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint
26 counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. §
27 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel);
28 *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard

of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*."* *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). While it appears Plaintiff may suffer from paranoia, it appears he is prescribed medication for the condition. Further, Plaintiff does not indicate the nature of his alleged "mental illness" or how it affects his ability to prosecute this action. Indeed, a review of the pleadings filed by Plaintiff to date show he can articulate his claims in this case. *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly litigate case despite mental illness). Plaintiff has capably filed motions and his complaint that survived a screening under § 1915. (*See* docket). Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings. Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for an emergency protective order and request for a lawyer (Doc. No. 36) are **denied.**

2. The Clerk of Court shall remove from the public docket, and/or redact, and/or file under seal the document(s) containing Plaintiff's personal banking information. (Doc. No. 37 at 7-13).

Dated:   January 20, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3