UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOSHUA JESSE CANTU, | Case No. 1:20-cv-00386-JLT-HBK |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| v. | |
| P. WARD, ET. AL., | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| Defendants. | (Doc. Nos. 40, 43) |

Plaintiff Joshua Jesse Cantu initiated this action as a prisoner and proceeding *pro* se on his first amended complaint as screened. (Doc. No. 9, 12). Defendants answered the complaint on October 13, 2021. (Doc. No. 26). Plaintiff is no longer in prison. (*See* docket).

Pending before the Court are following motions: (1) Plaintiff's motion for extension of time to respond to Defendant's discovery (Doc. No. 40); and (2) Plaintiff's motion for the court to issue sanctions (Doc. no. 43). Defendants do not oppose granting Plaintiff an extension of time to respond to their discovery requests. (Doc. No. 44). Defendant do oppose Plaintiff's motion for sanctions and include the declaration of the assigned deputy attorney general in support. (Doc. Nos. 43, 45).

*Motion for Enlargement of Time*

Plaintiff seeks an additional thirty days to respond to Defendants' interrogatories and request for production of documents. (Doc. No. 40 at 2). Plaintiff explains that he was released

from incarceration on December 21, 2021, but prior to his incarceration he lived at the Salvation Army Emergency Shelter for six months. (*Id.* ta 3-5). Plaintiff states because he did not arrange to have his personal property picked up within seven days after he left the Salvation Army, his personal property was confiscated and he is attempting to retrieve it. (*Id.*). Plaintiff requests that the Court issue a subpoena to the Salvation Army to return his property to him. (*Id.*).

Defendants do not oppose the Court granting Plaintiff more time to respond to their discovery requests. (*See generally* Doc. No. 44). Defendants explain their discovery inadvertently stated Plaintiff had thirty days to respond rather than the 45 days permitted by the Court's Scheduling Order. (*Id.* at 1). Defendants further explain Plaintiff responded before the deadline to respond and counsel advised if Plaintiff wanted to supplement his answers, he could. (*Id.*). Regarding the subpoena request to a non-party, Defendants correctly note that Plaintiff's personal property is not at issue in this action.

The Court grants Plaintiffs unopposed motion for an enlargement of time to respond to Defendants' discovery requests. Absent any other stipulations between the parties or motions for enlargements of time for good cause shown, Plaintiff shall have thirty days from receipt of this this Order to respond to Defendants' discovery.

Federal Rule of Civil Procedure 45 governs issuance of subpoenas in the context of permitting inspection of information *related* to a case. To the extent Plaintiff seeks a subpoena he should request it from the Clerk, not the Court. See Fed. R. Civ. P. 45(a)(3). As an aside, a subpoena is not the proper mechanism for Plaintiff to seek the return of his personal property. Instead, Plaintiff should take any all steps provided by the Salvation Army to seek the return of his personal property, while recognizing the Salvation Army may not have a way to store property for people while they are incarcerated. Further, generally a writ of replevin provides a means for people to seek return of personal property that is improperly taken.

*Motion for Sanctions*

Plaintiff request that the court issue sanctions on Defendant Cortez. (Doc. No. 43 at 1). Plaintiff, referring to the case management and scheduling order that requires the parties act in good faith, set forth a forty-five-day deadline to respond to discovery requests. (*Id.* at 2).

However, Plaintiff contends that Defendant's request for production of documents and interrogatories provided only thirty-days to respond.  (*Id.* at 3).  Plaintiff states that Defendants should have "known better the Rules of this Court," and disregarded the court's orders by including the wrong deadline.  (*Id.* at 5).  Therefore, Plaintiff seeks "sanctions/termination in favor of Plaintiff."  (*Id.* at 6).

In response, Defendants note the error with the stated deadlines was unintentional and an oversight.  (Doc. No. 45 at 2). Further, Defendant explains that the attorney assigned the case sent a letter to Plaintiff informing him that he could amend his response to the interrogatories if he determined there was an error or another extension could be obtained by counsel the assigned attorney directly.  (*Id.*).

While compliance with court's orders is important and failure to do so may indeed result in the imposition of sanctions, the issues Plaintiff sets forth above does not warrant sanctions.  As noted by Defendants, the discovery they propounded on Plaintiff inadvertently contained the thirty-day deadline, not the forty-five-day deadline set forth in the court's scheduling order. (*See* Doc. No. 44; *see also* Doc. No. 45).   Further, defense counsel took corrective action by writing a letter explaining to Plaintiff that he could have more time if he wanted to respond.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for an extension of (Doc. No. 40) is GRANTED to the extent Plaintiff shall serve his responses to Defendants' discovery on Defendants within thirty (30) days of receipt of this Order.

2. Plaintiff's motion for sanctions (Doc. No. 43) is DENIED.

Dated:    January 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3