UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JESSE CANTU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>P. WARD, ET. AL.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00386-JLT-HBK (PC)<br><br>ORDER DENYING MOTION FOR A PROTECTIVE ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S CONSTRUED MOTION FOR PRELIMINARY INJUNCTION AND TO AMEND THE PLEADINGS[1]<br><br>14-DAY OBJECTION PERIOD<br><br>(Doc. No. 48) |

　　　Pending before the Court is pro se Plaintiff's motion for a protective order and to amend the pleadings filed February 28, 2022. (Doc. No. 48). Defendants filed a response in opposition to the motion on March 14, 2022. (Doc. No. 49). The undersigned denies the motion for a protective order and recommends the district court deny Plaintiff's construed motion for preliminary injunction and motion to amend.

////

---

[1] The undersigned submits these factual findings and recommendations to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

BACKGROUND

Plaintiff Joshua Cantu, a former prisoner, is proceeding on his First Amended Complaint ("FAC") filed under 42 U.S.C. § 1983 alleging excessive use of force claim arising from an April 2, 2018 incident that occurred while he was incarcerated. (*See* Doc. Nos. 7, 9, 12). Plaintiff, who is no longer incarcerated, currently appears to reside in Santa Ana, California. (*See* docket). In his three-page handwritten motion, Plaintiff seeks a "protective order" against Defendants "and/or all law enforcement agencies in California and abroad." (Doc. No. 48 at 1). In support, Plaintiff alleges Defendants are "trying to turn law enforcement officers against him" by "spreading rumors to the general public" and specific law enforcement agencies, "some of which aren't true." (*Id.* at 2). More specifically, Plaintiff alleges Defendants are telling others that he "is a sex offender and was having sexual intercourse with transvestites in prison." (*Id.*).

Plaintiff also requests to add as parties to this action the Anaheim Police Department, Santa Ana Police Department, "and their affiliates and also the cities in which these law enforcement agencies reside." (*Id.*). Finally Plaintiff states, without providing any factual basis, that his "life is in danger." (*Id.*).

In opposition, Defendants note they do not represent either the Anaheim or Santa Ana Police Departments, but oppose the motion because it would expand the pleadings to beyond the facts in the FAC. (Doc. No. 49 at 1-2). Defendants argue the parties Plaintiff seeks to add are unrelated and it would be proper for the Court to deny the motion under Rules 20(a)(2) and (18)(1). (*Id.* at 3). With respect to Plaintiff's request for a protective order, Defendants note a protective order is generally used for discovery disputes but note no discovery dispute is currently at issue. (*Id.* at 2-3).

////

////

ANALYSIS

<u>Motion for Protective Order</u>

Regarding Plaintiff's request for a protective order, the Court denied Plaintiff's previous motion for a protective order in which he sought a protective order because he believed he was

2

being followed and unnamed people were trying to hurt him.  (*See* Doc. No. 46).[2]  As earlier explained to Plaintiff, parties seek protective orders in the context of discovery.  *See* Fed. R. Civ. P. 26(c).  Protective orders often assist with production of confidential information, or to intervene when another party is seeking discovery unrelated to the cause at issue or otherwise privileged from production.  The current issues do not involve discovery.  Instead, it seems Plaintiff seeks a protective order to enjoin the Defendants from spreading alleged rumors about him.  A protective order is not the proper vehicle for the relief Plaintiff seeks.

<u>Construed Motion for Preliminary Injunction</u>

To the extent Plaintiff seeks to enjoin any action by Defendants he would need to file a motion for injunctive relief under Fed. R. Civ. P. 65 and Local Rule 231.  To the extent the Court liberally construes the instant motion as seeking injunctive relief, the motion must be denied.  First the motion is facially defective under Fed. R. Civ. P. 65 and Local Rule 231.[3]  A preliminary injunction is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff does not address any of the *Winter* factors in his motion.

Further, Plaintiff's FAC involves an excessive use of force claim while incarcerated and does not involve events alleged after his release from prison.   The injunctive relief an applicant requests must relate to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief.  *Id.* at 636.  Consequently,

---

[2] Notably, Plaintiff admitted he suffers from paranoia and is receiving mental health counseling.  (*See* Doc. Nos. 36, 37).

[3] Local Rule 231(d) also mandates notice and requires that all preliminary injunction motions include (1) briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion, including affidavits addressing irreparable harm, and (3) a proposed order which includes a provision for a bond.

even if the Court liberally construed the instant motion as seeking injunctive relief, the motion should be denied because it is unrelated to the claims pending before the Court in the FAC.

Motion to Amend

At the outset, the Court finds the motion to amend his FAC facially deficient. Plaintiff makes only a passing reference to amending his FAC, but neither attaches a proposed second amended complaint nor, sets forth any factual specificity from which the Court can conduct an assessment as to whether the amendment would be futile, time barred, or otherwise prohibited.

Because Plaintiff has already amended his complaint once, he may only amend with leave of court or permission of the Defendants. Fed. R. Civ. P. 15(a)(2). As noted *supra*, Defendants object to Plaintiff's proposed amendment to add additional defendants. (Doc. No. 49). Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend pleadings] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [to grant or deny leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n. 3).

Here, the undersigned does not find the interests of justice require amendment of the FAC. Instead, Plaintiff's motion to amend is futile because Plaintiff wishes to add completely new parties and new claims that are unrelated to the current claims against the Defendants in the FAC. To permit Plaintiff to amend on this basis would violate Federal Rule of Civil Procedure 18(a)

4

and 20(a)(2)(stating the Federal Rules of Civil Procedure permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrence" where " any question of law or fact common to all defendants will arise in the action.); *see also Karabajakyan v. Schwarzenegger*, 2007 WL 9706273, *3 (C.D. Cal. June 1, 2007) (citing *United States ex rel. Garst v. Lockheed-Martin*, 328 F.3d 374, 378 (7th Cir. 2003)("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a buck of mud."). Unrelated claims must be filed in separate lawsuits. To the extent Plaintiff wishes to file claims against the Anaheim Police Department, Santa Ana Police Department, "and their affiliates and also the cities in which these law enforcement agencies reside," such claims must be raised in a new action filed in the Southern District of California.

Accordingly, it is **ORDERED**:

Plaintiff's motion for a protective order is **denied**.

It is further **RECOMMENDED**:

The district court **deny** Plaintiff's construed motion for a preliminary injunction and motion to amend.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 21, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE