|  |  |
|---|---|
| JOSHUA JESSE CANTU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P. WARD, B. XIONG, P. DUNN, D. CORTEZ, J. SOTO,<br><br>　　　　Defendants. | Case No. 1:20-cv-00386-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(A)(1)[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 55) |

　　　　On September 30, 2022, Defendants filed a Suggestion of Death Upon the Record Under Rule 25(a)(1) noting Plaintiff Cantu is deceased. (Doc. No. 55, "Suggestion"). As of this date of these Findings and Recommendations, no further filings have been filed.

　　　　Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* (emphasis added). When a deceased plaintiff is not timely substituted, dismissal is "required." *Smith v. McCotter*, 931 F.2d 61 (9th Cir. 1991)

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

(unpublished). But the court has discretion whether to issue the dismissal with, or without, prejudice. *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1095 (9th Cir. 2017) (other citations omitted).

Ordinarily a suggestion of death must be served on decedent's successors or representatives. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Here, Plaintiff was proceeding pro se. Defendants certify under oath that a search of records, including active probate matters, did not reveal any next of kin for Plaintiff. (Doc. No. 55 at 1-2). While the Ninth Circuit did not address this issue in *Barlow*, the court is persuaded here that dismissal, without prejudice, is appropriate when the non-party successors or representatives cannot be ascertained. *Yonofsky v. Wernick*, 362 F.Supp.1005, 1011-12 (S.D. N.Y. July 26, 1973). More than 90 days have passed and no motion for substitution by the decedent's successors or representatives have been made. Dismissal is therefore required under Rule 25(a)(1).

Accordingly, it is **RECOMMENDED**:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

2. The Clerk of the Court be directed to terminate all deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   January 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2